## ALONZO L. JONES v. MARIA KROLL.

ERROR TO THE COURT OF COMMON PLEAS NO. 4, OF PHILA-
DELPHIA COUNTY.

Argued March 29, 1887.—Decided April 11, 1887.

1. Though it be error to submit to a jury the construction of a written lease, yet if the jury have found it what the court should have declared it to be, there is no just cause of complaint.
2. A party, having been permitted after objection overruled to put in parol evidence in construction of a written lease, may not, after verdict and judgment against him, sustain error to the action of the court in submitting the construction to the jury.
3. A lease for one year with a provision that if the tenant should continue on the premises after the first year, then the lease should be in force for another year and so on from year to year, is a lease binding but for one year: *per Arnold, A. J.*

Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ. ; GORDON and PAXSON, JJ., absent.,

No. 80 July Term 1886, Sup. Ct.: Court below, No. 303 March T., 1885.

This was an Ejectment originally before a magistrate under the landlord and tenant act of 1863, and, on appeal, in the Court of Common Pleas.

On November 11, 1878, Herman Kroll (as the agent for his wife Maria Kroll,) and Alonzo L. Jones, executed a lease of which the portions that are material in this case are as follows, the parts in *Italics* being in writing, the other parts printed:—

THIS AGREEMENT witnesseth, That *Herman Kroll, of the City of Philadelphia,* doth hereby let unto *Alonzo L. Jones, of the same place, that four-story brick house, No.* 114 *North Sixth Street, for plumbing, gas, and steam-fitting business, from the first day of December,* 1878, at the rent of *six hundred* dollars per *annum,* payable *monthly when due,* which said rent so reserved, the said lessee agrees to pay regularly as it may fall due, or within five days thereafter; in default of which the lessor may, without notice, re-enter upon and take possession of the premises, or at his option, enter judgment against the lessee, or any sub-tenants, in any action of ejectment to be

brought to recover possession of the premises, without appeal, writ of error, or stay of execution; and for confessing said judgment this shall be the warrant of any person. . . . . .

It is hereby further agreed, that if the above-name *Alonzo L. Jones* should continue on the above-described premises after the termination of the above contract, then this contract is to continue in full force for another *year* and so on, from *year* to *year* until legal notice shall be given for a removal.

*It is hereby understood and agreed to that if the above-named Alonzo L. Jones should continue on the above-described premises after the temination of the above contract, then he shall have the privilege of staying there for another five years at the above-fixed rent per annum.*

In witness whereof, . . . . .

On August 29, 1884, the husband of the lessor having died, Mrs. Kroll, the owner, served upon the lessee a notice to quit the premises upon December 1, 1884, and on January 6, 1885 began proceedings before a magistrate to recover possession under the act of December 14, 1863, P. L. 1125. An appeal from the magistrate's judgment in favor of the lessor was entered in the Court of Common Pleas, and an issue raised by *narr.* in ejectment and plea of not guilty.

On the trial before M. ARNOLD, A. J., after the plaintiff's case was closed, the defendant was called in his own behalf in chief and was asked to state all that occurred between him and Herman Kroll, the agent of the plaintiff, when the lease was executed, as to the length of time or the term through which his tenancy was to run; to which question the plaintiff objected, which objection was overruled and exception given to the plaintiff. The defendant then testified: " I hired the place for five years with the privilege of staying there five years in addition to it. I said I would not take it for less than five years at first, with the privilege of five more. I said so to Mr. Kroll at the time and he put the additional clause in the lease, . . . . ." On cross examination: . . . . . " I don't remember if Mrs. Kroll was present. I couldn't move there unless a long lease was made to me; it would cost me too much money to move my machinery." The defendant's case being closed, the plaintiff was called in her own behalf in rebuttal, and without objection testified; " I took

Charge of the Court below.

Mr. Jones to the store to Mr. Kroll; the lease was drawn at the store; he wanted the house for one year to try, with the privilege of ten years. I said five years are long enough. The agreement was made for one year, with the privilege of five years more. . . . ."

A formal bill of exceptions filed after verdict showed that the defendant requested the court to charge the jury upon certain points (found with the 7th assignment of error) and the Court did not charge upon them as requested, saying that they had been covered by the general charge, which was excepted to and was as follows:—

[After stating the nature of the action and general terms of the lease] : If there were nothing else in this lease, I would say it was a lease for a year; but it contains other clauses. The first clause is: If Jones continues after the expiration of the term, he may continue for another year, and so on from year to year. This shows a yearly letting. Then by another clause he has the privilege of staying another five years. What, then is the extreme length of his term and option? If the first term was for one year, with the privilege of another five years, he has had that. If the lease was not for one year, but for five years, with the privilege of five years more, he has been prematurely warned out. Because of ambiguity in the lease I have admitted testimony to explain it. Jones says he hired the place for five years, and would not have taken it unless for five years, with the privilege of five years more. If you find that the term was for one year, with the privilege of five years, you will find for the plaintiff. If you find the term was for five years, with the privilege of another five years, then this suit is premature, and you will find for the defendant. I leave it to you to say, upon the lease and the extraneous evidence, what the term was, whether of one year, with the privilege of another five years, or five years, with the privilege of another five years.—

The jury found for the plaintiff for the possession, and damages for detention in $716.66. A rule for a new trial was then allowed, which was afterwards discharged, the court filing the following opinion:—

The plaintiff leased a house to the defendant, "from the first day of December, 1878, at the rent of $600 per annum,

payable monthly." It was agreed that on the expiration of the term the property should be surrendered in as good order as it then was, reasonable wear and tear excepted. By another clause in the lease it was further agreed that if the defendant should continue on the premises, "after the termination of the above contract, then this contract is to continue in full force for another year and so on, from year to year, until legal notice shall be given for a removal." By a subsequent clause it was agreed that if the defendant should continue on the premises "after the termination of the above contract, then he shall have the privilege of staying another five years, at the above fixed rent per annum." Notice having been given to the defendant to quit on December 1, 1884, he refused to comply, whereupon this action of ejectment was commenced. A verdict was rendered for the plaintiff. The defendant now moves for a new trial, and the question is, what was the duration of the lease?

The construction of this lease is for the court. The ambiguity as to the duration of the estate, is patent and not latent. There is enough on the face of the paper to enable us to settle the doubt which has been raised, without the aid of extrinsic evidence.

A lease for no determinate length of time, but by which an annual rent is reserved, payable half-yearly, quarterly, monthly, or in any other aliquot proportions, is a lease for a year: Lesley v. Randolph, 4 R. 123; Hey v. McGrath, 81 Penn. St. 310; Richardson v. Langridge, 4 Taunt. 128; The King v. Herstmonceaux, 7 B. & C. 551; and a demise for a monthly or weekly rent affords a presumption of a monthly or weekly tenancy: Hollis v. Burns, 100 Penn. St. 206; Huffel v. Armitstead, 7 C. & P. 56. The first term in the lease before us was for one year. The words "another five years" in the subsequent clause do not overcome the rule of law in this respect, because another five years might follow as well upon another and prior term of one, two or three, as of five years.

It is contended, however, by the learned counsel of the defendant, that a tenancy "for one year, and so on from year to year" (which Woodfall in his work on Landlord and Tenant, at page 202, says is frequently done by mistake), is a tenancy for two years at least, and cannot be determined at the end of the first

## Charge of the Court below.

year. It is true that such rulings have been made in England, but there are other and more numerous decisions the other way. In a settlement case, in order to piece out a term for a year so as to give a pauper a settlement, it was held that a lease for six months, and so on from six months to six months, until six calendar months notice is given to quit, is a tenancy ior twelve calendar months at least: Regina v. Chawton, 1 Q. B. 247. How much influence the benevolent object to be attained had in the result we do not know. However, the judgment was followed in Doe dem. Chadborn v. Green, 9 Q. B. 658, and there are some earlier cases to the same effect. On the other hand, it was held that a tenancy from year to year may be determined by either party at the end of the first or any subsequent year, unless the parties use expressions showing that they contemplated a tenancy for two years at least: Doe dem. Clarke v. Smaridge, 7 Ad. & El. N. S. 957 ; Thompson v. Maberly, 2 Campbell, 573. Other decisions on both sides of this question may be found cited in Lesley v. Randolph, *supra*, by Mr. Justice KENNEDY, who adopted the ruling of Lord Chief Justice HOLT in Dod v. Monger, 6 Mod. 215, that a lease for a year and so from year to year, is a lease binding but for one year, and that may now be considered the rule in this state. It was applied and enforced, although the question was not considered in McGregor v. Rawle, 57 Penn. St. 184.

Besides, this is not a lease for a year and so on from year to year. It is a lease for one year with an agreement that if the tenant should continue on the premises after the first year, then the lease should be in force for another year and so on from year to year. The mistake which Woodfall says is frequently made was not made here.

At the trial the defendant was permitted to give evidence to show that the first term was to have been five years. This was an error, but it is one of which the defendant cannot complain. The verdict of the jury is founded upon the proper construction of the lease, such as the court now puts upon it.

The defendant was tenant of the premises for one year, with the option of continuing from year to year for another five years ; and having enjoyed all that his option gave him, the plaintiff is entitled to the possession of the premises.

Rule discharged.

Errors Assigned.

Judgment having been entered the defendant then took this writ, specifying that the court erred:

1, 2, 3. In submitting the construction of the lease to the jury.

4, 5, 6. In the instructions to the jury, as to the length of the term under the lease, and declining to charge that the verdict should be for the defendant.

7. In refusing, while saying that the general charge covered them, either to affirm or deny the defendant's points, which were as follows:

1. The lease given in evidence by the plaintiff must be so construed as to make a term of five years from the date thereof, with the privilege to the defendant of continuing as a tenant upon the premises therein described, "for another five years;" and the plaintiff has no cause of action. The verdict must, therefore, be for the defendant.

2. In the granting clause of the lease, material words defining the term of the demise appear to have been omitted, and the lease must be construed as if such words were inserted, and so as to give effect to the subsequent clause, which gives to the defendant "the privilege of staying there for another five years." The verdict, upon such construction, must be for the defendant.

3. The grant or demise of the term "from the first day of December, 1878, at the rent of six hundred dollars per annum," is without limitation or termination, and the same must be read and construed in connection with the clause which provides for the privilege of "another five years;" and the verdict must be for the defendant.

4. The lease must be construed in favor of the grantee or lessee and against the grantor or lessor, and so as to give effect to every beneficial intendment in favor of the lessee. It must therefore be construed as creating a term of ten years, and the jury must find a verdict for the defendant.

5. Upon any construction of the said lease, the defendant was entitled to have and maintain possession thereunder for a term at least of seven years. The notice to quit on the 1st of December, 1884, and proceedings upon the same by the plaintiff, were premature, irregular and void, and the verdict must be for the defendant.

Arguments.

*Mr. William H. Ruddiman* for the plaintiff in error:

The construction of the lease and the determination from its terms, the period of the lessee's tenancy, were certainly and solely for the court: Wood Land. & T., § 237; Taylor Land. & T., § 160 n., and cases cited. There was no question of fact to be left to the jury by the learned judge.

The words in the particular grant, "another five years," could have had no other significance or interpretation than that there had been a term of a previous five years agreed upon. If the language were of doubtful character or effect, the construction must still be in favor of the lessee and against the lessor: Wood Land. & T., §§ 79, 237; Jackson v. Hudson, 3 Johns. 375.

Upon a proper construction of the lease, the defendant below was entitled to have the jury instructed to render a verdict in his favor; and it was error to leave the jury to confound a proposition of law with an issue of fact.

The points upon which the learned judge was requested to charge were clear, intelligible and specific; and if any one of them could be sustained, the verdict should have been for the defendant. Especially is such the case as to the second point, respecting the omission of material words, and the construction of the lease as if such words were inserted: See Taylor Land. & T., 7th ed., § 160, n. 6, citing White v. Egan, 1 Bay 247; Wright v. Dickson, 1 Dow. 141; Wood Land. & T., § 302. Or as to the fifth point, that defendant below was entitled to a term of seven years at least; "a demise for a year, and so on from year to year, is a lease for two years certain, at least:" Wood Land. & T., §§ 31, 292; Reg. v. Chawton, 1 Q. B. 247.

As to all the points, taken separately or together, it is impossible to discover where or how in the charge the same were covered, or referred to, or even suggested. The defendant should have been given the benefit of either an affirmance or denial of each single and specific point.

*Mr. Charles Davis (Mr. Matthew Dittman* with him) for the defendant in error:

A lease for no determinate length of time, but by which an *annual rent* is reserved, payable half-yearly, etc., is a lease for a year: Lesley v. Randolph, 4 R. 123; 2 Black. Com. 144,

145; Hey v. McGrath, 81 Penn. St. 310.   Leases for uncertain terms are leases at will, and the reservation of an *annual* rent turns them into leases from year to year: Bree v. Lees, 2 Black. R. 1173; Richardson v. Langridge, 4 Taunt. 128; 4 Kent Com. 111, 112; Logan v. Herron, 8 S. & R. 473; Clark v. Smith, 25 Penn. St. 137.

The court below did in effect construe the lease in question in the charge ; at all events, the verdict being in full accord with the opinion in refusing a new trial the result reached was the same, and there was no error.

The positions of the plaintiff in error, (1) that there had been " a term of previous five years " agreed on, and, therefore, the reading of " another five years " in the lease fixed the full term at ten years, or, (2) if that be not correct, then the original term was for two years certain, and " another five years " means a full term of seven years, are erroneous and the authorities cited are inapplicable.   There is no " doubtful grant to be construed in favor of the grantee." The law has fixed the terms.

It is not the law in Pennsylvania that " A lease for one year certain, and so on from year to year, creates a tenancy for two years at least." The rule is that such a lease is binding for but one year: Dod v. Monger, 6 Mod. 215.

The points were substantially answered in the general charge, and that is all that is required : Patterson v. Kountze, 63 Penn. St. 246; Windsor v. Maddock, 64 Idem 231; Smith v. Bouvier, 70 Idem 325; Scheuing v. Ward, 88 Idem 286.


PER CURIAM:

Conceding that there was error in leaving to the jury to find the construction which should be given to the written lease, yet inasmuch as they found it what the court should have declared it to be, and what the learned judge in fact stated in discharging the rule for a new trial, the plaintiff in error has no just cause of complaint.   He attempted by parol evidence, to induce the jury to give an erroneous construction to the written instrument, but having failed in this, he must now submit to the verdict and the judgment entered thereon.

                                        Judgment affirmed.