[No. 2999. Decided December 16, 1898.]

THOMAS PHILLIPS, *Appellant,* v. W. H. REYNOLDS, *Respondent.*

LEASES—EXTENSION OF TERM—COVENANT BY LANDLORD TO PURCHASE IMPROVEMENTS—EQUITABLE LIEN.

Where a lease of premises for a term of twelve years provided that the lessee might make improvements thereon and at the end of his term the lessor would either buy the improvements or extend the lease, the lessor cannot, by an extension of the lease for one day, after the close of the original term, defeat

the right of the lessee to a substantial extension of the lease or to have his improvements purchased by the lessor, as provided for by the terms of the lease.

Where a lease provided that the lessee might make improvements on the land, which should not become attached to it, but could be removed by him at any time, the making of improvements on the leased premises would not give him an equitable lien therefor.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge. Affirmed.

*U. D. Gnagey,* and *J. M. Wiestling,* for appellant.

*A. W. Buddress,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was commenced in the superior court of Jefferson county by the appellant against the respondent, for the purpose of recovering the possession of certain premises situated in Port Townsend, Washington, and grows out of a lease of said premises by the appellant to the respondent's assignor. The appellant, on the 12th day of September, 1885, leased to Andrew Weymouth, for a term of twelve years, the premises in question. The lease provided that the parties of the second part should at any time during the said term of twelve years erect, or cause to be erected, on said premises, any structure or structures which the lessee might see fit to make, provided that the entire cost of the structure, and the repairs thereof, should be at the sole expense of the lessee; that said structure should not be considered attached to the land, or part of the real estate, but could be sold by the lessee and removed by him at any time. The further provision appears in the lease:

"And the said parties of the first part, for themselves, their heirs, executors, administrators and assigns, further covenant, promise and agree to and with the said party of the second part, his heirs, executors, administrators or

assigns, in consideration of the premises, that at the expiration of said term of twelve years they will buy all such buildings placed thereon, or extend this lease."

Other portions of the lease provide for arbitration in relation to the value of the leasehold in case the lease is extended and the parties to the lease are not able to agree upon such value. Another provision is to the following effect:

" It is further mutually agreed, that, if said lease is not extended, but the parties of the first part, or their legal representatives, buy such buildings, and the parties or their legal representatives cannot agree on a fair valuation for the same, then each shall choose a disinterested person, and the valuation they agree on shall be paid by the one party and accepted by the other. If such two persons cannot agree, they (said two) shall call on a third disinterested person, and the valuation which any two of the three place thereon shall be binding and paid and accepted by the parties hereto, or their representatives."

There are many other provisions of the lease, as it is very long and somewhat involved, but we have set forth above all that is necessary for the determination of this case. At the expiration of the term of twelve years the lessor, appellant here, extended the lease for one day, and, after waiting about fifty days and the respondent not having removed the buildings, commenced this suit for possession. The respondent interposed a demurrer, which was overruled, and then answered, setting up three defenses. We need deal with but the second defense, which sets up the lease and the several assignments or transfers, by which he succeeded to the rights of the lessee Andrew Weymouth, the respondent in this case being an assignee of said Weymouth. The appellant demurred to this defense. The court overruled the demurrer and, the appellant refusing to reply to said defense, the court, on motion of the respondent, granted judgment on the pleadings.

A mere statement of the case would seem to be sufficient to justify the action of the trial judge, in the opinion of an appellate court, for it would be worse than farcical to hold that within the contemplation of the parties to this lease an extension of one day would meet its requirements. We have examined the authorities cited by the appellant, both in his original and reply briefs, and none of them would sustain an action of this kind. It is somewhat difficult to construe this lease, but we think that the evident intention was that the lessor should either buy the structures or renew the lease for the period of twelve years, and that the word "extension" was used with that meaning. To give the lease the construction claimed for it by the appellant would, indeed, make the contract very one-sided. It was the evident intention that the lessee should have an option to sell the property or to have a renewal of the lease. All the different provisions of the lease, which are too numerous to set forth, convince us that this was the intention.

It is urged by the respondent that the improvements constitute an equitable lien upon the land, and he asks this court to send the case back to the lower court, with instructions to decree a lien for the value of the improvements, which was set up by the answer, and order a sale of the property for the purpose of collecting the judgment. But we are inclined to think that, under the terms and conditions of this lease, the doctrine of an equitable lien would not be applicable. That doctrine must rest, if sustained at all, upon the theory that the improvements are made for the benefit of the land, and do benefit it. But, the conditions of this lease being to the effect that the structures might be removed at the option of the lessee, and that they should not be considered as attached to the land, it seems to us that the case would be taken out of that rule. In any event, this was an action at law and the judgment of the lower court was not appealed from by the respondent. He

cannot, therefore, ask at the hands of this court a judgment which would be more in his favor than the judgment which he obtained below.

The judgment of the lower court will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.