[No. 15727.  Department Two.  July 26, 1920.]

JOHN H. WALLACE *et al., Appellants,* v. ELLEN WALLACE *et al., Respondents.*[1]

EJECTMENT (48, 50) — IMPROVEMENTS (4) — SET-OFF — LIEN FOR IMPROVEMENTS—ADVERSE CLAIM OF TITLE.  Under Rem. Code, § 797, allowing the defendant in ejectment to recover the value of improvements placed upon property adversely held in good faith under claim of right, there can be no lien for improvements placed on property by permission of the owner for the benefit of defendant while occupying the premises by sufferance without any claim of right.

Appeal by plaintiff from a judgment of the superior court for Yakima county, Holden, J., entered May 21, 1919, quieting plaintiff's title, but adjudging defendants a lien for the value of improvements placed upon the property, tried to the court.  Reversed.

*W. A. Funk* and *Geo. H. Rummens,* for appellants.

*O. L. Boose,* for respondents.

MOUNT, J.—This action was brought by the appellants to quiet title and recover possession of a certain tract of land in Yakima county.  The complaint is in the usual form.  The defendants answered, denying title and right of possession in the plaintiff, claiming an undivided one-half interest in themselves.  On these issues the case was tried to the court without a jury, and resulted in findings to the effect that the plaintiff was the owner and entitled to the possession.  Thereafter the defendants applied to the court for leave to reopen the case and introduce further evidence.  This motion was granted and the court received further evidence relating to the value of improvements which had been placed upon the property, and finally entered

[1]Reported in 191 Pac. 793.

a decree adjudging that the plaintiff was the owner of the property and entitled to the possession thereof, but that the defendants were entitled to a lien upon the property for $1,500, the value of improvements placed thereon by the defendants. The plaintiff has appealed from that part of the decree which adjudged that the defendants were entitled to a lien of $1,500 on account of improvements placed upon the land.

The facts in the case, as shown by the evidence, are substantially as follows: The plaintiff is the son of Ellen Wallace and John A. Wallace, now deceased. He is the brother of the other defendants. In the year 1903, the plaintiff John H. Wallace and one Richard Griffiths purchased the land in controversy. John H. Wallace at that time was a single man, living with his parents in the town of Cle Elum. He afterwards purchased the interest of Mr. Griffiths. John H. Wallace and his father were both working in the coal mines at that place. The father was injured and was unable to work. John H. Wallace then told his father and mother that they might move upon this tract of land and occupy it as a home until the family was grown up. His father and mother and family, in 1904, moved upon the property. This property at that time was in a raw state, except six acres which had been planted to alfalfa. There were no buildings of any consequence upon the land. When the family moved upon the land, they built a dwelling and some small buildings and afterwards improved all the land by putting it into cultivation. After they had lived there for a short time, John A. Wallace, the father of the appellant, died. The family continued to reside upon the land and improved and cultivated it, without paying rent, until the year 1914. After that time, the appellant received one-half the crop as the rental value of

the property. In the year 1918, when all the children were of age except one, who was yet a minor, some disagreement arose between the appellant and his mother and brothers in regard to the manner in which the farm was cultivated. Thereupon the appellant leased the land to another party and the respondents refused to give possession to the other party and this action was brought, with the result as hereinbefore stated.

The single question in the case is, Are the respondents entitled to recover the value of the improvements placed upon the property during the time they were in possession? It is plain from the evidence that not until this action was brought did the respondents claim title thereto. Their sole defense to the complaint was that they were owners of an undivided one-half interest. When the court found that they were not owners, then they sought to subject the property to a lien for alleged improvements. The statute, at section 797, Rem. Code, provides that, in an action for the recovery of real property, upon which permanent improvements have been made by those holding in good faith under color or claim of title adversely to the plaintiff, the value of such improvements must be allowed as a counterclaim to the defendants. While it was claimed upon the original trial that the respondents owned an undivided one-half interest, it is plain from the evidence that such claim was not made in good faith under color or claim of title adversely to appellant. They knew, from the time they went into possession of the property until this action was brought, that they were there by the kindness of the appellant. They knew the condition of the property at the time they went upon it. They knew it would require improvements to be made before the property could produce a

living for them. They made improvements for their own use and occupied the property for a period of about twelve years without paying any rent therefor. It is conceded that the appellant paid all the taxes and at least paid something toward the improvements. The improvements which were placed upon the property were for the use and benefit of the respondents. During both trials the appellant made no claim to the little dwelling which was placed upon the property, but stated that he had no objection to his mother removing the dwelling. We are satisfied from all the evidence in the case that these improvements were not placed upon the property because respondents claimed in good faith to own the property, but were placed there simply for their use during the time they should remain in possession of the property.

The rule is stated in 22 Cyc., p. 8, as follows:

"It is now well settled that where an improvement, such as a building, is put upon the land of another by his permission, under an agreement or understanding that it may be removed at any time, it does not become a part of the real estate, but continues to be personalty and the property of the person making it; and it is immaterial what is the purpose, size, material, or mode of its construction. And if the improvement is made by the owner's permission, an agreement that it shall remain the property of the person making it is implied in the absence of any other facts or circumstances showing a different intention. But this is not a necessary implication from such permission, and will not be drawn when a different intention is indicated by an express agreement between the parties, or from the interest of the party making the improvement or his relation to the title to the land."

See, also, *Phillips v. Reynolds,* 20 Wash. 374, 55 Pac. 316, 72 Am. St. 107.

We think the record is clear to the effect that these improvements were made upon this property by con-

sent of the appellant for the use and benefit of the respondents while upon the land. This being so, the trial court improperly allowed a lien upon the land for the value of the improvements, which consisted of a dwelling house and some outhouses of no particular value to the land. The trial court was right upon its first judgment, to the effect that the respondents should have a certain time in which to remove the dwelling house which they had constructed upon the land. The appellant made no objections to this claim—in fact, conceded the right of the respondents, if they desired, to remove the dwelling.

The part of the judgment appealed from is therefore reversed, and the cause remanded with instructions to the lower court to enter a decree giving the respondents a reasonable time in which to remove the building, if they desire to do so.

HOLCOMB, C. J., TOLMAN, FULLERTON, and BRIDGES, JJ., concur.