### UNITED STATES v. CERTAIN PARCELS OF LAND IN CITY OF PHILADELPHIA, PHILADELPHIA COUNTY, COMMONWEALTH OF PENNSYLVANIA et al.

Civ. No. 2955.

United States District Court
E. D. Pennsylvania.

Oct. 3, 1949.

C. James Todaro, Sp. Asst. to the Atty. Gen., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for plaintiff.

Bernard J. Smolens (of Conlen, LaBrum & Beechwood), Philadelphia, Pa., for defendants.

GANEY, District Judge.

This case arises upon petitions, filed on March 25, 1949 by the owners of certain parcels of land, for an order to terminate the rights of the United States in those parcels possessed by it in a condemnation proceeding commenced on February 4, 1943. The judgment entered in that proceeding gave the United States the exclusive use of the parcels of land, beginning February 4, 1943, "for a period of one year with the right to renew from year to year for the duration of the war emergency, as determined by the President, and three years thereafter * * *" The parcels of land are located in Philadelphia, Pennsylvania, and were condemned for the purpose of erecting a temporary housing project thereon.

The United States has been in possession of the property since February 4, 1943. During this time, with the exception of the 1948–1949 term, annual compensation as set forth in stipulations between the United States and the owners of the land has been received by the latter. On two occasions formal notices of renewal of the yearly term had been given the owners of the land before the commencement of that term; on the remaining four occasions, it was given after the previous term had expired[1]. After having expressed dissatisfaction in the early part of 1948 with the yearly amounts received as compensation for the use of the parcels of land, the petitioners, by letter dated March 1, 1949, notified the United States that they had repossessed those parcels and requested it to remove all its property therefrom.

At present, the 615 housing units comprising the project are fully occupied with tenants, and at no time since the erection of those units has the United States indicated that it intended to discontinue or terminate the project.

A distinction is drawn in Pennsylvania between a tenancy carrying with it an option to extend for a term and one conferring a privilege to renew for successive terms. In the former, mere continuance in possession or a holding over by the tenant after the term has expired is sufficient to extend the term. Harding v. Seeley, 148 Pa. 20, 23 A. 1118; McBrier v. Marshall, 126 Pa. 390, 17 A. 647; Lipper v. Bouve, 6 Pa.Super. 452; Megargee v. Longaker, 10 Pa.Super. 491. But in the latter, absence an expressed requirement to the contrary, notice of the tenant's election to exercise his privilege to renew must be given the landlord prior to the expiration of the term. Aaron v. Woodcock, 283 Pa. 33, 128 A. 665, 38 A.L.R. 1251; McFadden v. Gohrs et al., 93 Pa.Super. 134, 138. Also see Annotation, 172 A.L.R. 1205.

The difficulty with petitioners' position is that they are treating the United States as their lessor and the judgment entered in the declaration of taking proceeding as a written lease. In other words they seek to have the respective rights and obligations of the parties determined with reference to the rules of law regulating the relationship of landlord and tenant in Pennsylvania. Although the interest in the parcels of land possessed by the United States in the instant case is analogous to a tenancy from year to year, United States v. 16.747 Acres of Land, D.C.Del., 50 F. Supp. 389; United States v. 14.4756 Acres of Land, D.C.Del., 71 F.Supp. 1005, the legal incidents which attach to a tenancy of that type in this State are not bound up with the estate held by the United States.

In order to determine the extent of the interest possessed by the United States, and the conditions necessary for it to perform so that it may continue in possession, we need only look to the statutes[2]

---

1. Formal notices of renewal of the term were made on the following dates: January 28, 1944; March 29, 1945; February 14, 1946; January 14, 1947; February 16, 1948, and March 1, 1949.

2. Lanham Act, 54 Stat. 1125, as amended, 42 U.S.C.A. § 1521 et seq.; Second War Powers Act, 56 Stat. 176, 50 U.S.C.A. Appendix, § 631 et seq.; Declaration of Taking Act, 46 Stat. 1421, 40 U.S.C.A. § 258a et seq.

under authority of which the condemnation proceeding was brought and the judgment entered in that proceeding. Neither required the United States to give formal notice to the petitioners of its election to renew the term. Hence none was required. See United States v. 21.185 Square Feet of Land, D.C.E.D.N.Y., 52 F.Supp. 707, 709. A mere holding over or a remaining in possession by the United States is all that is necessary to renew the term. The fact that the United States had regularly sent notices to them should not be construed as an indication that it was aware that such notices were impliedly required or that it regarded a mere holding over as insufficient to renew the term; it was done for the convenience of the petitioners and nothing more.

We might add that if formal notices were required to be sent prior to the expiration of the yearly term, that requirement was waived by the petitioners acquiescing in a course of conduct whereby notices of renewal were not always sent prior to the inception of the new term.

Accordingly, the motions to dismiss the petitions are allowed.