## Ives v. Cohen

*A. E. Jones, Jr.*, for plaintiff.

*Spurgeon & Spurgeon*, for defendant.

CARR, P. J., August 5, 1950.—This is a proceeding between landlord and tenant under the Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, 12 PS §§831 et seq., to determine the right of the tenant to continue to hold over in the absence of three months' notice to quit. No issues of fact are involved.

## Findings of Fact

1. On June 17, 1946, Jessie B. Moser and Joan McKee Moser, both single women, plaintiff's predecessors in title, demised to Leonard A. Cohen, defendant, certain premises at No. 11 West Main Street in the City of Uniontown, consisting of the first floor and basement of what is known as the Beeson Building and the two-story frame structure in the rear thereof fronting on South Street, for a term of three years beginning on September 1, 1946, and ending on August 31, 1949, with the following covenants: "3. The lessee will take good care of the leased premises while occupying the same, surrendering it, without notice, to the lessors at the end of the term in as good condition as he received it, reasonable wear and tear and accident by fire alone excepted, and will at the same time surrender all keys to all its doors. . . . 10. Should the lessee remain in the demised premises by the consent of the lessors, after the expiration of the term herein created, or any extension thereof, said term shall be presumed to have been extended, or further extended, for a period of one year upon and under the same terms, conditions and limitations as are herein provided and expressed."

2. Defendant entered into possession of the demised premises on September 1, 1946, and with the consent of the lessors remained therein on and after September 1, 1949.

3. On April 10, 1950, the lessors conveyed to plaintiff, Samuel R. Ives, then known as Samuel Itzkowitz, the demised premises in fee (Deed Book, vol. 694, page 279), and on the same day assigned to him all their right, title and interest in the lease, together with the rentals to become due thereunder on and after May 1, 1950.

4. On or about June 28, 1950, plaintiff gave notice to defendant to quit at the expiration of the current term on August 31, 1950.

5. On or about June 29, 1950, defendant advised plaintiff that, since notice to quit at the expiration of the current term on August 31, 1950, had not been given him on or before June 1, 1950, he intended to remain for another year beginning on September 1, 1950.

6. Plaintiff asserts the right to possession of the demised premises on and after September 1, 1950, notwithstanding his failure to give defendant notice to quit on or before June 1, 1950, and we are satisfied that a declaratory judgment will serve to terminate the controversy.

## Discussion

The controlling question here involved is whether defendant's covenant to surrender the premises at the end of the term without notice, as expressed in the third paragraph of the lease, carries over into the extended term, now current, or is applicable only to the original term.

It is true, we think, that when defendant held over with the consent of the lessors he became a tenant from year to year, and would therefore have been entitled to three months' notice to quit at the end of the current year, had he not expressly agreed to waive it: Barasch v. Burke, 10 Fayette 80; Petro, Jr., v. Douglas et al., 10 Fayette 191. Although the language of the holdover covenant in the tenth paragraph of the present

lease differs from that used in the Barasch and Petro leases, it nevertheless provides for a continuing tenancy for successive periods of a year each as long as the landlord pleases, and hence no valid distinction can be made between them: Logan v. Herron, 8 S. & R. 459.

But in our opinion the covenant to surrender without notice applies not only to the original term of the lease but to the extended term as well. The holdover covenant itself expressly provides that any extension shall be under the same terms and conditions as are incorporated in the lease, and this of course includes all the terms and conditions thereof that are not inconsistent with the nature of the tenancy, as indeed the use of the word "extension" would imply, even in the absence of an express covenant: Aaron v. Woodcock, 283 Pa. 33. Certainly the waiver of notice to quit is as compatible with the enjoyment of the one term as of the other, and obviously cannot be restricted to the original term without rendering the explicit language of the holdover covenant meaningless: Cronin v. Hoffa, 4 Justices 16; Walsh v. Soller et al., 207 Ind. 82, 190 N. E. 61.

### Declaratory Judgment

And now, August 5, 1950, upon consideration of the foregoing case, it is adjudged and declared as follows:

1. That defendant is not entitled to continue in possession of the demised premises after August 31, 1950.

2. That plaintiff is entitled to possession of the demised premises on and after September 1, 1950.

3. That defendant should pay the costs of this proceeding.

The prothonotary is directed to give notice of this decision forthwith to the parties or their attorneys of record, and if no exceptions are filed within 30 days, the same shall become final and be so entered.