## McDonald *v.* Karpeles, Appellant.

*Landlord and tenant—Lease—Extension of term—Amount of rent.*

Where a lease for two years provides that the lessee "shall have the first privilege to rent the building for a further term of three years, providing he exercises the privilege three months before the expiration of two years," and it appears that the lessee insisted upon the privilege of extension because he was about to purchase the business of an out-going tenant, the lessee has the right to an extension of three years after the termination of the term of two years, without any increase of rent or other change in the original lease.

Argued April 15, 1915.   Appeal, No. 103, April T., 1915, by defendant, from order of C. P. Allegheny Co., July T., 1914, No. 2474, discharging rule to open judgment in case of M. W. McDonald, agent now for use of Aphonse Tritsch and Philomena Tritsch, v. Emanuel Karpeles.   Before Rice, P. J., Orlady, Head, Henderson and Trexler, JJ.   Reversed.

Rule to open judgment.   Before Evans, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*A. L. Cramer,* for appellant, cited: Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Com. v. McNeile, 8 Philadelphia 438; Kaufman v. Liggett, 209 Pa. 87.

*G. W. Herriott,* of *Herriott & Morgan,* for appellees, cited: Reed v. Campbell, 43 N. J. Eq. 406.

Opinion by Henderson, J., December 20, 1915:

The judgment in this case was entered under the war-

rant of attorney contained in a lease executed by W. M. McDonald, agent, to the defendant. The lease was subsequently assigned to the use-plaintiffs who acquired title to the property. Immediately before the making of the lease the property was in the possession of Bowers. The defendant was about to purchase the latter's business and as a preliminary to that transaction wished to obtain a lease for five years for the property occupied by Bowers. The defendant with Bowers and one Goldstein went to the office of McDonald to arrange for the lease. He there learned that a lease had already been prepared by McDonald for a term of two years, the latter having previously learned the defendant was about to purchase the business from Bowers. Thereupon, the defendant objected to a lease for so short a term and said that he would not take the lease unless he could have it for five years, that "it wouldn't pay him for two years." After some discussion McDonald said "I will put a privilege of three more years on the lease" and in consequence of this arrangement the following clause was inserted in the lease: "It is also understood that the said Emanuel Karpeles shall have the first privilege to rent the building for a further term of three years, providing he exercises the privilege three months before the expiration of two years." Thereafter the defendant paid Bowers the price agreed on for the business and took possession. It was shown that notice was given by the defendant of his intention to continue the lease for three more years and that this was done more than three months before the expiration of the first two years. We think it clear from the evidence taken on the rule to open the judgment that it was the understanding of the parties that the lease was to continue for an additional term of three years. The defendant is strongly corroborated in his statement that he refused to accept the lease unless it covered five years and that the agent promised to give him three additional years. The testimony on this subject is not contradicted and it justifies the conclusion that the

lessor intended to give to the lessee the option of remaining in the premises for an additional term of three years. We are unable to distinguish the case from Cairns v. Llewellyn, 2 Pa. Superior Ct. 599, in any material respect. It was provided in the lease in that case: "It is hereby further agreed, that the said lessees shall have the privilege and option of renting the said premises for a further term of three years from the expiration of this lease." It was there held that taking into consideration the intention of the parties the language must be regarded as a covenant to renew, according to the terms and stipulations of the original lease. In the opinion of Judge WICKHAM it is said: "It matters not what language is used, so that the intention is reasonably apparent. The word renew or renewal is not essential if other words conveying the same idea are employed. 'Re-rent,' 'rent again,' 'privilege of another term,' 'refusal of the premises,' and like expressions, without more, are sufficient, provided that the length of the new term is specified." The use of the word "first" does not, we think, change the significance of the option. If the word were omitted it is necessarily implied that the tenant was to have the first privilege allowed by the clause in the lease, that is, he had the option to the exclusion of everybody else to rent the building for a further term of three years. It will be observed too, that by the proviso he is to exercise the privilege three months before the expiration of two years. What privilege was he to exercise? Certainly the right to the extended term. This could hardly be called a privilege to be exercised if it were at the option of the landlord to increase the rent to an amount which would be prohibitive to the tenant. In Tracy v. Albany Exchange Co., 7 N. Y. Rep. 472, the lease contained the covenant: "The said party of the second part to have the renewal of the premises at the expiration of this lease for three years longer." It was there held that this provision meant that the lessee at his election should have a renewal of the lease of the prem-

ises for the further term of three years to commence at the expiration of the existing lease for the same rent as stipulated for the former term. It was also held in the same case that a covenant in a lease to renew without providing in respect to the terms to be granted or the amount of rent to be paid implies a renewal for the same term and rent, and the same conclusion was reached in Cairns v. Llewellyn. The latter case was not brought to the attention of the learned judge of the court below and his conclusion is apparently based on the case of Reed v. Campbell, 43 N. J. Equity 406. That was a bill to enjoin the landlord from ousting the tenant from possession. The lease provided that at the expiration of the lease the tenant shall have the first right to lease the said premises. There was no provision there for the length of the new term to be granted. The chancellor could well say the court could not aid the complainant without the risk of doing great injustice. It was necessary that the option state the term to be granted and in that respect the case is unlike that before us and the case above cited. We are of the opinion that the rule to open the judgment should have been made absolute.

The judgment of the court below is therefore reversed, the rule reinstated and the record remitted with direction to make the rule absolute unless other cause be shown to the contrary.