## Stetler, Appellant, *v.* The North Branch Transit Company et al.

*Landlord and tenant—Leases—Renewal—Construction—Intention—Meaning of "first right" to re-lease.*

1. As a general rule in construing provisions of a lease relating to renewals, where there is an uncertainty, the tenant is favored and not the landlord, because the latter having the power of stipulating in his own favor has neglected to do so, and also upon the principle that every man's grant is to be taken most strongly against himself.

2. The owner of certain real estate leased the same to a street railway company as a place of amusement for the public. The lease provided "that if at the expiration of this lease the party of the second part, its successors and assigns, shall desire to re-lease the said premises for a further period of ten years it or they shall have the first privilege of re-leasing the same at the renewal, and upon the terms herein contained." At the expiration of the term the owner brought an action of ejectment to recover the property, alleging that the lessee had nothing more than the first right to re-lease the premises for another term, providing the lessor was willing at that time to lease to anyone. Defendant contended that it had an absolute right to re-lease the property for another term irrespective of the wishes of the lessor. *Held,* judgment was properly entered for the defendant.

Argued April 11, 1917. Appeal, No. 81, Jan. T., 1917, by plaintiff, from judgment of C. P. Columbia Co., Sept. T., 1916, No. 74, for defendant, on case stated, in case of Edward J. Stetler v. The North Branch Transit Company and A. W. Duy, Receiver of the North Branch Transit Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Ejectment for land in Columbia County.

Case stated to determine the construction of a lease. Before Evans, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant on the case stated. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*John G. Harman,* for appellant.

*Fred Ikeler,* for appellees.

Opinion by Mr. Justice Potter, May 22, 1917:

This is an appeal from a judgment entered upon a case stated, in an action of ejectment, in which Edward J. Stetler, is plaintiff and the North Branch Transit Company and A. W. Duy, receiver of the North Branch Transit Company, are defendants. From the case stated, it appears that the transit company, as successor to the lessee, was in possession of a tract of land in Center Township, Columbia County, known as "Columbia Park." The lease contemplated the use and improvement of the land as a place of entertainment and amusement for the public, and it contained the following clause: "It is further agreed and understood that if at the expiration of this lease the party of the second part, its successors and assigns shall desire to re-lease the said premises for a further period of ten years it or they shall have the first privilege of re-leasing the same at the rental and upon the terms herein contained."

The controversy turns upon the construction to be given to the words "first privilege" in the above clause. Counsel for plaintiff contends the words mean that at the end of the ten-year term, the lessee has nothing more than the first right to re-lease the premises for another term, provided the lessor was willing at that time to lease to any one. The court below, however, held that it

was apparent from the provisions of the lease that the
parties contemplated the use of the land for a park for
the entertainment of the public, and that considerable
expenditure for improvements would be necessary. Un-
der these circumstances, when the lease was executed the
parties evidently felt that a renewal or extension would
probably be desired, otherwise the clause in question
would not have been inserted. It was clearly intended
for the benefit of the lessee, and it should be so construed
as to preserve that benefit, if it be possible to do so. But
as the court below well says, "if the plaintiff's theory as
to the meaning of the paragraph is to be accepted, it
would, so far as the lessee is concerned, become wholly
meaningless, and might as well have been omitted." We
are not to suppose that the parties intended such a result.
An inspection of the clause shows that if the word "first"
had not been used in connection with the word "privi-
lege," the right of the lessee to a renewal could not
be questioned. Did the privilege of renewal then be-
come any the less a privilege by being termed a "first"
privilege? The expression is awkward and perplexing,
but we think it is more consistent with the expressed pur-
pose of the lease to hold that the renewal was dependent
upon the desire of the lessee, and that the expression of
that desire was to give to it the first privilege of re-leas-
ing, that is, priority of privilege over any one else. The
thought was not well expressed, but we feel that the
words "first privilege" in this connection should not be so
construed as to nullify a valuable right in the hands of
the lessee, which, under the paragraph as a whole, was
evidently intended to be created. It was of no possible
use to make provision merely that one party should
enjoy a certain right, if the other party should consent
thereto. The settled rule of construction is, that any
uncertainty as to the meaning of a clause in a lease is to
be determined in favor of the lessee. The principle was
stated in Kaufmann v. Liggett, 209 Pa. 87, where we said
(p. 97) : "As a general rule, in construing provisions of

a lease relating to renewals, where there is an uncertainty, the tenant is favored, and not the landlord, because the latter having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man's grant is to be taken most strongly against himself."

A case involving the same question was before the Superior Court in McDonald v. Karpeles, 61 Pa. Superior Ct. 496. The lease there under construction was for a term of two years and provided that the lessee should have "the first privilege to rent the building for a further term of three years." It was held that the lessee was entitled to remain in possession, under the same terms and conditions, for the additional three years, if he so desired and gave due notice of his intention. HENDERSON, J., said (p. 498) : "The use of the word 'first' does not, we think, change the significance of the option. If the word were omitted, it is necessarily implied that the tenant was to have the first privilege allowed by the clause in the lease, that is, he had the option to the exclusion of everybody else to rent the building for the further term of three years. It will be observed, too, that by the proviso he is to exercise the privilege three months before the expiration of two years. What privilege was he to exercise? Certainly the right to the extended term. This could hardly be called a privilege to be exercised if it were at the option of the landlord to increase the rent to an amount which would be prohibitive to the tenant."

In the case at bar, every contingency was provided for, in the event that the lessee should desire an extension of the lease. The length of the additional term was fixed, and the amount of the rental and the other conditions were to be the same as during the first period.

We agree with the conclusion reached by the court below that the lessee had the right to re-lease the premises for a second term of ten years, and that it exercised its right after giving to the owner of the land reasonable notice of its desire to do so. Having complied with the

terms providing for the re-leasing of the premises, the defendant was entitled to retain possession of the property.

The judgment is affirmed.