## Hunter, Appellant, v. Johns et al.

*Landlord and tenant—Subletting—Assignment—Agreement as to partnership.*

1. Where a lease contains a covenant against assignment without consent of lessor, and provides that lessee shall have the "privilege to take in partners to operate a moving picture theater," and both parties contemplate the use of the premises by a partnership in process of formation, the lessor cannot, after the lessee has assigned his interest in the partnership to another partner, declare a forfeiture for breach of covenant, if it appears that the lessee had not assigned the lease, but still held it in his own name.

*Practice, C. P.—Trial without jury—Findings—Act of April 22, 1874, P. L. 109—Appeal—Harmless error.*

2. Where a case has been tried without a jury under the Act of April 22, 1874, P. L. 109, the losing party cannot on appeal complain that the court filed no findings of fact or conclusions of law, if it appears from the record that no different result could have been reached, if such findings had been made.

Argued October 9, 1922. Appeal, No. 83, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1919, No. 642, for defendants on case tried by the court without a jury, in suit of James W. Hunter v. Robert R. Johns, tenant, and Howard H. Haskins et al., trading as Victory Amusement Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Issue to determine validity of judgment. Before KLINE, J., without a jury.

The opinion of the Supreme Court states the facts.

Judgment for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Robert E. Anderson,* with him *Maurice L. Thompson,* for appellant.

*Ernest Frey,* with him *R. A. & James Balph,* for appellees.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

December 13, 1918, plaintiff leased the property in dispute to Robert R. Johns, one of defendants, for a period of five years, at a monthly rental payable in advance, with a covenant by the lessee not to assign the lease without the written consent of the lessor and with a further provision that the lessee should have the "privilege to take in partners to operate a moving picture theater." The rent was paid to the end of January, 1919, and on February 6th, following, judgment in ejectment was entered on the lease for, as stated in the proceedings, failure of lessee to pay rent for that month and also owing to his assignment of the lease to a partnership known as the Victory Amusement Company. A petition to open the judgment averred tender on the first day of February for that month of the rent by the amusement company, a partnership formed under the provisions of the lease, and of plaintiff's refusal to accept the payment because not tendered by lessee, and further denied assignment of the lease to the partnership. In his reply plaintiff admitted refusal to accept the rent because not tendered by lessee but denied such refusal was based on the lease having been assigned to the partnership; averring, on the contrary, that the refusal was based on the fact that defendant "had sold his interest in the partnership and transferred the lease" in violation of its terms. The court below, after hearing the evidence on the trial of the issue to determine the validity of the judgment, entered judgment for defendants and plaintiff appealed.

It is undisputed that both lessor and lessee intended the premises should be used as a moving picture house, not by the lessee alone but by a partnership in the process of formation at the time the lease was executed and which was actually formed by agreement entered into between Johns, the lessee, Howard R. Haskins and

Margaret Eaton, the day the lease was signed. This agreement contained a clause to the effect that the lease should not be assigned, transferred or surrendered by Johns without consent of the partnership. On January 28, 1918, Johns sold his interest in the partnership to A. D. Klaus, who represented Margaret Eaton, payment for the interest being made with money furnished by Edgar E. Eaton, her father. Pursuant to his agreement Klaus, on January 31st, transferred the interest in the partnership purchased from Johns to Margaret Eaton. There was nothing in either of these transfers to indicate that Johns assigned or intended to assign anything but his "right, title and interest as a partner in the Victor Amusement Company," which operated a moving picture show in the premises mentioned in the lease in question. There was no assignment of the lease itself; in fact, it was not mentioned in the bill of sale to Klaus. It remained as it stood before,—in the name of Johns,—who continued liable for the performance of all its covenants and conditions. The sole difference in the legal status of the parties at the time tender of rent was made was that Johns had withdrawn from the amusement company with the consent of his partners, one of whom had purchased his interest. The premises continued to be used by the remaining partners for the original purpose the parties had in mind at the time the lease was executed. The transfer of the interest in the amusement company by the lessee did not in legal effect constitute an assignment of the lease and, in view of the express privilege given to take in partners without specifying the individuals who should constitute the firm, we cannot hold that a change in its membership, even by the withdrawal of the lessee, constituted a breach of the covenant, which must be construed most strongly against lessor: Kaufmann v. Liggett, 209 Pa. 87, 97; Stetler v. Transit Co., 258 Pa. 299, 301.

According to the foregoing view of the case the tender of rent by the Victor Amusement Company, or its rep-

resentative, was sufficient. The objection was not based on a default of an actual physical tender of the money but that it was made by one without interest in the premises. Under these circumstances, judgment was properly entered for defendant.

Appellant further contends the court failed to file findings of fact and conclusions of law in accordance with the practice under the Act of April 22, 1874, P. L. 109, thus depriving appellant of an opportunity to except or to know upon what fact and law the opinion of the court was based. Under the documentary evidence submitted and the undisputed facts in the case no different result could have been reached had such findings been made, and the error, if any .was committed, did not harm appellant. The question of practice thus raised, consequently, need not be discussed.

The judgment is affirmed at appellant's cost.