## Dattolo, Appellant, *v.* Stevenson and Ida.

*Landlord and tenant—Lease—Terms—Interpretation—Act of June 18, 1923, P. L. 840,*

In a proceeding under the Declaratory Judgment Act of 1923 to construe the terms and provisions of a lease, the agreement provided that "upon the expiration of this lease, the party of the second part

will have preference for renewal for two years. It is also agreed that party of the first part will give the party of the second part preference in sale of property, in case party of first part desires to sell same at the end of three years."

*Held:* That the lease did not give lessee the privilege of renewal irrespective of whether the lessor desired to sell the property. It gave lessee the prior right of leasing for two years more on the same terms if the lessor did not sell, and a preference over any other purchaser on the same terms if the lessor decided to sell.

Argued April 27, 1928. Appeal No. 1524, April T., 1928, by plaintiff from judgment of C. P., Allegheny County, No. 3022, January T., 1928, in the case of Paul Dattolo v. John A. Stevenson and Matteo C. Ida. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition under Declaratory Judgment Act of 1923. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendants. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Howard Zacharias,* and with him *Robert R. Elder,* for appellant, cited: Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Kaufmann v. Liggett, 209 Pa. 87; McDonald v. Karpeles, 61 Pa. Superior Ct. 496; Stetler v. The North Branch Transit Company, 258 Pa. 299; Aaron v. Woodcock, 283 Pa. 33; Callahan v. Michael, 45 Ind. App. 215; Fergen v. Lyons, 162 Wis. 131.

*Edward J. Gannon,* of *Hazlett, Gardner & Gannon,* for appellee, cited: Savage v. Miller, 39 Atlantic Reporter 665; Harp v. Choctaw O. & G. Railroad Co., 125 Federal Reporter 452; Conemaugh Gas Company v. Jackson Gas Company, 186 Pa. 443.

OPINION BY KELLER, J., July 12, 1928:

The court below was asked to construe the terms and provisions of a written lease, under the Declaratory Judgment Act of June 18, 1923, P. L. 840.

John A. Stevenson leased a building to Paul Dattolo for use as a nickelodeon or moving picture theatre for the term of three years from January 1, 1925, for the rental of $3,600, payable $100 a month in advance. The petition avers that Dattolo had been in possession of the building and occupying it as a moving picture theatre for four or five years prior thereto. The lease contained two special clauses, to wit: "It is also agreed that upon the expiration of this lease, the party of the second part will have preference for renewal for two years. It is also agreed that party of the first part will give the party of the second part preference in sale of property, in case party of first part desires to sell same at the end of three years."

The appellant (lessee) contends that the first of these clauses grants him the option or privilege of renewing the lease for two years more on the same terms, irrespective of whether the lessor desires to sell the premises or not. The lower court held otherwise. We agree with the court below that the word 'preference' was not used in two totally different senses in the same paragraph; that it did not give the lessee the fast option of purchasing the property at the end of the term, but a preference or prior right over any other purchaser on the same terms, if the lessor decided to sell. See Conemaugh Gas Co. v. Jackson Farm Gas Co., 186 Pa. 443, 449, 450; reported at more length, 40 Atl. 1000, 1003; while it expressly recognized the right of the lessor to sell the premises at the end of the term, if he so desired. We think the first clause must be read in connection with the second, and means that if the lessor does not sell the property the lessee is to have the preference or prior right of leasing the property for two years more on the same

terms and conditions: Aaron v. Woodcock, 283 Pa. 33; McDonald v. Karpeles, 61 Pa. Superior Ct. 496; but this right or preference is subject to being defeated by the lessor's sale of the premises at the expiration of the term, which actually occurred in this case, the lessee refusing to buy.

The judgment is affirmed at the costs of appellant.