## Gliem v. Connor et al.

*Desmond J. McTighe*, of *McTighe, Markel & Coates*, for plaintiff.

*John E. Flynn*, of *High, Swartz, Flynn & Roberts*, for defendants.

KNIGHT, P. J., May 23, 1947.—On August 11, 1944, plaintiff entered into a written lease with defendants, Thomas W. Connor and George T. Henry, by the terms

of which she leased a "one story garage and repair shop situate rear of 53 and 55 E. Lancaster Ave., Ardmore", to Connor and Henry, for the term of three years from the first day of September 1944, at a rental of $4,140, payable in monthly installments of $115 each on the first day of each month in advance. The lease provided that the rent for the 35th and 36th months should be paid at the signing of the document, and retained by plaintiff, lessor, in payment of the rent for the said two months.

Connor and Henry conducted a repair business in the said premises as a partnership until March 1946, when the partnership was enlarged by taking in a third partner, James McK. Reiley. The only written evidence of the partnership was contained in an application to the Studebaker Corporation for a sales franchise.

On June 3, 1946, a corporation known as Reiley Motors, Inc., was incorporated under the laws of Delaware, which took over the assets and assumed the liabilities of the partnership last mentioned and continued the same business, although Mr. Connor is no longer actively associated with the concern, but remains as a stockholder. The formal transfer of the assets of the partnership to the corporation was made on June 1, 1946, but the lease has never been assigned to the corporation.

On December 7, 1946, the check of the corporation was sent to plaintiff for the December rent, and like checks were tendered to plaintiff on January 2, 1947, January 31, 1947, March 1, 1947, and April 1, 1947, for the rent of those months. These checks have been retained by plaintiff but not used.

On March 13, 1947, plaintiff filed an amicable action of ejectment and a judgment was entered against Connor and Henry by virtue of the power of attorney contained in the lease.

On March 20th, Henry presented his petition on which the present rule to show cause why the judgment should not be opened was allowed.

In the amicable action the following defaults were averred: (1) default in payment of the rent due on December 1st and subsequent months up to and including March 1, 1947; (2) subleasing the premises to Reiley Motors, Inc., and permitting said corporation to occupy the premises without the consent of the lessor.

We will discuss the second alleged default first, because we believe this one to have the most merit.

The written lease contains the following relevant provisions: that the lessees will not "assign, mortgage or pledge this lease or under-let or sub-lease the demised premises, or any part thereof or permit any other, person, firm or corporation, to occupy the demised premises or any part thereof . . . without additional written consent by the lessor". "All rights and liabilities hereunder given to, or imposed upon, the respective parties shall extend to and bind the several and respective heirs, executors, administrators, successors and assigns of said parties. . . . No rights, however, shall enure to the benefit of any assignee of lessee unless the assignment to such assignee has been approved by lessor in writing as aforesaid."

It is admitted that the lease has never been assigned to Reiley Motors, Inc., and that written consent for the corporation to occupy the premises has not been given by respondent. This the lessor, respondent, contends works a forfeiture of the lease by virtue of the provision that the lessees may not assign the lease or permit the premises to be occupied by any other person, firm or corporation without the written consent of the lessor.

Petitioner, lessee, contends that the clause of the lease providing that all rights and liabilities given to or imposed upon either of the parties shall extend to

and bind the . . . successors of said party, applies to Reiley Motors, Inc., which is a "successor" of the partnership, and not another corporation within the meaning of the lease.

We recognize that leases must be construed most strictly against the lessor and in favor of the lessee, and also that the law frowns upon forfeitures, yet we cannot agree with the interpretation of the lease as urged upon us by petitioner, lessee.

The lease is a very formal and formidable document, in which the lessor is favored throughout, but yet it is the lease petitioner signed and he is bound by its terms. An examination of the printed instrument shows that it was designed to be used in cases where the lessor is a corporation. In one place it speaks of the "lessor, its officers, employees or agents"; in another, the "lessor or its agents or contractors"; in still another, "that the failure at any time to enforce its rights". The fact that the lease was prepared for use by a corporation lessor explains the presence of the word "successors" in the clause relied upon by petitioner.

A reading of the lease also shows that it was prepared by a person well versed in the law of landlord and tenant. Technical legal terms are used throughout in their proper sense and meaning. "Successor" is the usual legal term employed in instruments such as a lease where one of the parties is a corporation.

We are of the opinion that the word "successors" as used in the lease cannot be construed to include Reiley Motors, Inc. Even if the word "successors" was construed to apply to Reiley Motors, Inc., we agree with Judge Fuller who said in the case of Feeley v. Harwood Electric Co., 22 Luzerne 314 (1923), "The general clause in the lease relative to successors is controlled by the specific provisions forbidding assignment".

Was Reiley Motors, Inc., an "other person or corporation" within the meaning of the provision pro-

hibiting the lessee from allowing any other person or corporation to occupy the demised premises without the written consent of the lessor.

Connor and Henry, the lessees, were partners and occupied the premises as a partnership; they are now stockholders in a corporation, and Connor no longer has any active interest in the business. A corporation "is an entity, an existence, irrespective of the persons who own all its stock": Donaldson et al. v. Andresen, 300 Pa. 312 (1930).

The stock of Reiley Motors, Inc., could be sold to anyone who would buy it, and in this way the prohibition against assigning the lease without the consent of the lessor easily circumvented. The lessees themselves considered the corporation as a separate and distinct entity, for by bill of sale dated June 1, 1946, the partnership sold all its assets to the corporation. The lease was an asset of the partnership. We are of the opinion that Reiley Motors, Inc., is "another person or corporation" within the meaning of the lease and the lessees in allowing the corporation to occupy the demised premises breached a provision of the lease.

The case of Hunter v. Johns et al., 275 Pa. 532 (1923), cited by petitioner, can be distinguished from the case at bar, for in that case the lease gave to the lessee the express privilege of taking in partners without specifying the individuals who should constitute the firm, and the lease apparently contained no provision prohibiting the lessee from allowing any other person to occupy the premises.

Having determined that the lease was breached by allowing the corporation to occupy the premises, it is unnecessary to discuss the other averments of default at length.

The lessees were six days late in the payment of the December 1946 rent, and one day late in the payment of the January rent. They had been late on other

occasions with their payments and no complaint was made by the lessor.

Despite the drastic and severe provisions of the lease in reference to the payment of rent on time, we think these delays too inconsequential under all the circumstances here presented to warrant a forfeiture.

The fact that the rent was paid by check of the corporation we think makes no difference. The lessor retained the checks but did not use them. If she was not satisfied with the medium of payment she should have returned the checks. She cannot retain them and complain that the rent was not paid by the lessees. A forfeiture cannot be reached by cutting corners so sharply.

And now, May 23, 1947, the rule to show cause why the judgment should not be opened is discharged.