HARDWARE MUTUAL INSURANCE COMPANY OF MINNESOTA and Hardware Dealers Mutual Fire Insurance Company

v.

C. A. SNYDER, Inc., a Pennsylvania Corporation.

Civ. A. No. 10973.

United States District Court
W. D. Pennsylvania.

Jan. 4, 1956.

Arthur G. Stein, Pittsburgh, Pa., for plaintiff.

Lee C. McCandless, Butler, Pa., for defendant.

McILVAINE, District Judge.

At this number, plaintiffs Hardware Mutual Insurance Company of Minnesota and Hardware Dealers Mutual Fire Insurance Company brought suit against C. A. Snyder, Inc., and charge that the defendant did negligently cause a fire which destroyed two buildings in the city of Butler, being located at 229 W. Jefferson Street and 231 W. Jefferson Street. The said buildings were owned by Harry O. Weeter and the defendant was lessee of the premises at 229 W. Jefferson Street. The plaintiff companies paid for the loss incurred by Mr. Weeter and now sue as subrogees.

The defendant has filed an answer to this complaint and also certain requests for admissions. The plaintiffs admit the lease executed between Weeter and C. A. Snyder, Inc., and the defendant's move for judgment on the pleadings. In order to dispose of this motion, we will assume as admitted all the allegations in the plaintiffs' complaint.

The plaintiffs admit that their right can rise no higher than Weeter's and if Weeter could not recover neither could they. A relevant portion of the lease provides as follows:

"Any damage to buildings, fixtures, water or gas pipes, during the term of this lease to be paid by lessee on demand; and on expiration of this lease, the property is to be surrendered in as good order as it now is, reasonable wear and tear, and ac-

cident by fire alone excepted, without further notice from said lessor."

If a tenant is liable to his landlord for destruction by fire of a building on the demisable premises caused by the tenant's negligence where the lease contained the provision above referred to, then judgment on the pleadings must be denied. However, if the tenant is not liable for a negligently caused fire under this lease, then judgment on the pleadings should be granted.

■ It is fundamental that, "Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment." 2 Moore's Federal Practice ¶ 12.15.

■■ Inasmuch as the lease is put in issue, this presents a matter outside the pleadings and Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides when something outside the pleadings has been presented to the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. It is no part of the Court's function to decide issues of fact where there is a motion for summary judgment, but its function is solely to determine whether there is an issue of fact to be tried. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016.

■ The allegations in the complaint for the purpose of this motion are admitted by the defendant. The lease between the defendant and his lessor is admitted. The defendant argues that it bars recovery. The plaintiffs say that it does not. Both parties say the lease is complete and no oral testimony can be admitted to change any of its terms. It then becomes a question of law whether this lease bars recovery. If it does, judgment on the pleadings should be granted, otherwise it should be denied. The lease on which defendant relies was made in Pennsylvania, the property is situated in Pennsylvania, and it is obvious that the law of Pennsylvania must govern this case. The plaintiffs do not contend in

their pleadings, in their brief, nor did their counsel contend at the argument that the defendant acted willfully, wantonly or with design, but they contend that the defendant carelessly and negligently attempted to repair a certain automobile having a leaking gasoline tank so as to permit a fire to start and spread.

 The lease in this case has an expressed covenant as to the tenant's duty.

"Generally, in the absence of an express covenant on the subject, the law implies a covenant on the part of the lessee so to treat the demised premises that they may revert to the lessor unimpaired, except by usual wear and tear, and uninjured by any willful or negligent act of the lessee. The implied covenant does not, however, extend to the loss of buildings by fire, flood, or tempest, or enemies, which it was not in the power of the lessee to prevent, and there is no implied covenant that the lessee shall restore buildings which have been destroyed by accident without fault on his part." Earle v. Arbogast, 1897, 180 Pa. 409, 416, 36 A. 923.

What then was the effect of this covenant in this lease? Was it to increase or decrease the tenant's liability for loss due to fire or was it merely to set forth what the law would otherwise imply without it? The lease was supplied by the lessor and in Pennsylvania it is:

"* * * an established principle of construction, that in case of doubt or uncertainty as to the meaning of language used in a lease, its provisions will be construed most strongly against the lessor and in favor of the lessee: McClintock & Irvine Co. v. Aetna Explosives Co., 260 Pa. 191, [103 A. 622]; Stetler v. N[orth] B[ranch] Transit Co., 258 Pa. 299, [101 A. 980]." Leon Gabai, Inc., v. Krakovitz, 1929, 98 Pa.Super. 150, 154.

It is also established that in Pennsylvania:

"As between private individuals in their personal affairs, one may be indemnified against the results of his own or his servants' negligence, if the intention so to do is clearly expressed in the contract." Wright v. Sterling Land Co., Inc., 1945, 157 Pa.Super. 625, 628, 43 A.2d 614, 615.

The question narrows down to what did the parties mean when they used the words "accident by fire alone excepted". It is significant that "accident" is here used as a noun and not as an adjective to define or describe the type of fire. The words used are "accident by fire" and not "accidental fire".

Accident in its most common meaning is:

"An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event." Webster's New International Dictionary of the English Language, p. 15 (2d Ed. Unabridged, 1954).

Its synonyms include:

"Chance, mishap, mischance, misfortune, disaster, calamity, catastrophe" Webster's New International Dictionary, supra.

Accident has been defined by legal lexicographers as follows:

"An event which takes place without one's foresight or expectation; an event that proceeds from an unknown cause, or an unusual effect of a known cause, and therefore not expected; * * *" Ballentine's Law Dictionary, p. 13 (1948 Ed.).

"The word 'accident' is derived from the Latin verb 'accidere' signifying 'fall upon, befall, happen, chance.' In an etymological sense anything that happens may be said to be an accident and in this sense, the word has been defined as befalling; a change; a happening; an incident; an occurrence or event * * *." Black's Law Dictionary, p. 30 (4th Ed. 1951).

The Supreme Court of Pennsylvania nearly one hundred years ago indicated

that, "* * * Accident, and its synonyms casualty and misfortune, may proceed or result from negligence, or other cause known, or unknown." McCarty v. New York & Erie Railroad Co., 1858, 30 Pa. 247, 251.

In a lease where the phrase was that the premises would be surrendered, "* * * in as good order and condition as they were at any time during the term, ordinary decay and inevitable casualty only excepted," the words were construed to hold the tenant liable if the fire were caused by his negligence but not if he was not negligent. Kelly v. Duffy, 1887, 8 Sadler, Pa., 214, 11 A. 244.

Thus, inevitable casualty does mean an event happening without any negligence. Inevitable casualty is synonymous with inevitable accident. See Ballentine's Law Dictionary, p. 639 (1948 Ed.). Likewise unavoidable accident is synonymous with inevitable accident. Ballentine's Law Dictionary, p. 1310 (1948 Ed.).

If we construe a lease most strongly against the lessor, and yet not relieve one for liability for his negligence unless such a waiver of negligence clearly appears, we ought to give a word at least its common meaning.

In Pennsylvania where a landlord has excepted in a lease a loss caused by inevitable casualty or inevitable accident, a tenant has been held liable for a negligently caused fire. Kelly v. Duffy, supra.

We think that the use of a qualifying adjective to "accident" is significant. But where the phrase is "accident by fire alone excepted" it appears to us that in Pennsylvania giving the word accident its common meaning it should include an occurrence coming about as a result of ordinary negligence. Similar words are in general use in leases in this locality. It is natural for the lessee to endeavor to escape this liability and it is also reasonable that the lessor would be willing to grant that relief. It reasonably follows that the parties intended just such a contract.

The plaintiffs cite Kennedy v. Loose-Wiles Biscuit Co., 1928, 94 Pa.Super. 602, in support of their position. Damage by fire or other accident was excepted under the terms of that lease, recovery was permitted for the damage done to the pipes which burst. The Court stated that if the pipes burst as a result of the fire as claimed by the defendant, recovery could not be had but if it resulted from freezing as a result of the defendant's negligent omission to turn off the water *after* the fire, recovery could be had. The jury by its verdict found that the damages complained of were not caused by fire but by the negligence in failing to drain the water pipes after the fire. The Kennedy case does not say as urged by plaintiff that recovery could be had for a negligently caused fire, under the terms of the lease used.

■ The word accident as it is used in this lease must be construed to include loss by fire though it occurred through the negligence of the defendant. The motion for judgment on the pleadings in respect to the cause of action as asserted by the plaintiff seeking to recover damages for the destruction of the demisable premises at 229 West Jefferson Street, Butler, Pennsylvania, should be granted.

■ However, in respect to the property located at 231 West Jefferson Street the result is different. This property was not leased to the defendant. It is the general rule that:

"* * * occupant of property on which an accidental fire starts is generally held liable for damages occasioned by its spread to other property, if the fire starts because of his negligent act, or because of the negligence of his agent or employee while acting within the scope of his authority or duties, provided of course, that the person whose property is damaged is not guilty of contributory negligence, and no independent cause has intervened." 22 Am.Juris, Fires, § 10, p. 601.

This appears to be the law in Pennsylvania, Ramage v. Producers' & Refiners' Oil Co., 1918, 259 Pa. 491, 103 A. 336; Oil Creek & A. River R. Co. v. Keighron, 1873, 74 Pa. 316; McCully v. Clarke, 1861, 40 Pa. 399.

Counsel for the defendant argued that the defendant could not be liable for the damages done to Mr. Weeter's property located at 231 West Jefferson Street. Defendant has cited no case to support such a proposition nor have we been able to find any. The lease cannot be extended to protect the lessee for damage done to adjacent property if the fire was caused by his negligence. Therefore, judgment on the pleadings in respect to the property located at 231 West Jefferson Street must be denied. An appropriate order will be entered.