Mildred R. BURNS, Plaintiff,

v.

N & L REALTY CORPORATION, a corporation, Original Defendant,

MISSOURI, KANSAS AND TEXAS RAILROAD, a corporation, Third-Party Defendant.

Civ. A. No. 16164.

United States District Court
W. D. Pennsylvania.

March 7, 1958.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

James J. Burns, Jr., Pittsburgh, Pa., for defendant.

David J. Armstrong, of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for third party defendant.

GOURLEY, Chief Judge.

This is a motion of Missouri, Kansas and Texas Railroad, a corporation, third-party defendant, to strike portions of third-party complaint which allege sole liability and predicate the right of re-

covery upon an indemnification agreement.

■ Jurisdiction is based on diversity of citizenship and jurisdictional amount. Since the operative facts occurred in Pennsylvania, the substantive law of Pennsylvania governs. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

For purposes of brevity the parties shall be identified as follows:

N & L Realty Corporation —"Realty"
Missouri, Kansas and Texas
  Railroad —"Railroad"

Plaintiff was injured while she was engaged in furtherance of her employment with Railroad when she fell on the premises leased by Realty to Railroad as a result of hazardous conditions existing on the floor of the premises where she was required to perform her duties.

Realty, having the right and privilege under the terms of the lease agreement to exercise control of the premises in order to perform janitorial duties, upon being sued by plaintiff joins Railroad as third-party defendant, alleging that Railroad is alone liable to the plaintiff or is jointly liable with the original defendant for each of their negligence, and finally requests indemnification predicated upon Paragraph Eight of the Lease, which reads as follows:

"Lessor shall not be held responsible for and is hereby expressly relieved from any and all liability by reason of any injury, loss or damage to any person or property in or about the demised premises whether same be due to fire, breakage, leakage, use, misuse or abuse of elevators, hatches, openings, defective construction, failure of water supply, light or power, electric wiring, plumbing, machinery, wind, lightning, storm, or any other cause whatsoever, which liability is expressly assumed by Lessee, whether the loss, injury or damage be to the person or property of the Lessee or any other person."

It is not disputed that Realty's claim alleging that Railroad alone is liable to the plaintiff for any injuries sustained cannot as a matter of law be successfully maintained in the present status of the record, since plaintiff would have no right to recover against Railroad. Accordingly, the motion of Railroad to dismiss that portion of Realty's cause of action based on liability alone for the injuries sustained by the plaintiff must be dismissed.

Realty's claim based on the indemnification agreement, which sets forth, inter alia, that Realty as lessor shall not be responsible for any liability of any nature whatsoever arising from any other cause whatsoever, which liability is to be expressly assumed by Railroad as lessee, does not conform to the requirements of law as enunciated by the appellate courts of Pennsylvania, the United States District Court for the Western District of Pennsylvania, and the United States Court of Appeals for the Third Circuit.

■ The law as relates to leases in Pennsylvania, as between private individuals in their personal affairs, is well settled that one may be indemnified against results of his own or his servants' negligence, if the intention so to do is clearly expressed in the contract. In case of doubt or uncertainty as to meaning of language used in a lease, the provisions of the lease will be construed most strongly against lessor and in favor of lessee. Hardware Mutual Ins. Co. of Minnesota v. C. A. Snyder, Inc., D.C., 137 F.Supp. 812.

■ If an indemnitee is to procure protection from loss resulting from his own negligence or from that of his employees or servants, the purpose or intent to effect such indemnification must be expressed in unequivocal terms in the instrument itself. Brown v. Moore, 3 Cir., 247 F.2d 711; Perry v. Payne, 217 Pa. 252, 66 A. 553, 11 L.R.A.,N.S., 1173.

The indemnity agreement set forth in the written lease in the case at bar in no way expresses in unequivocal terms an intent or purpose on the part of Railroad lessee to indemnify Realty lessor for damages or liability resulting from the negligence of the servants, agents or employees of Realty.

An appropriate Order is entered.